UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PATEREK, CYNTHIA
S. PATEREK, and PATEREK MOLD
& ENGINEERING, INC.,

        Plaintiffs,        Case Number 13-13966

v.        Honorable David M. Lawson

VILLAGE OF ARMADA and BEN
DELECKE,

        Defendants.
_____/

## ORDER VACATING ORDER STRIKING PLAINTIFF'S BILL OF COSTS

This matter is before the Court on the plaintiff's motion for reconsideration of the Court's order striking the plaintiff's bill of costs filed on October 5, 2015. The Court has reviewed the plaintiff's motion and finds that it ought to the granted.

On October 5, 2015, the plaintiffs filed a bill of costs relating to their appeal of the Court's judgment entered on July 18, 2014. According to their bill, the plaintiffs sought to recover costs in the amount of $687.50 consisting of the filing fee for the notice of appeal ($505) and fees paid to the court reporter of this Court for transcripts needed for use on appeal ($182.50). The Court struck the bill of costs because it determined that the bill should have been presented to the Clerk of Court for the Sixth Circuit Court of Appeals, not this Court. *See* Fed. R. App. P. 39(d)(1) ("A party who wants costs taxed must — within 14 days after entry of judgment — file with the circuit clerk, with proof of service, an itemized and verified bill of costs.").

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A

"palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

As the plaintiffs correctly point out, Federal Rule of Appellate Procedure 39 states: "The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). As noted above, the costs that the plaintiffs seek to recover in this Court are limited to the filing fee for the notice of appeal and fees for production of transcripts by the reporter of this Court, which the rule expressly permits the plaintiffs to recover in this Court after success on appeal. "A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment." E.D. Mich. LR 54.1. The court of appeals entered its judgment reversing in part this Court's judgment of dismissal and remanding the case for further proceedings on September 8, 2015, and the plaintiffs timely filed their bill of costs thereafter on October 5, 2015.

The plaintiffs timely submitted to this Court a proper bill for the specific costs that they seek, and they have identified a palpable defect in the Court's ruling striking that bill. The Court therefore will vacate its previous order striking the bill of costs and direct the Clerk of Court to tax costs in the plaintiffs' favor relating to their appeal.

Accordingly, it is **ORDERED** that the order striking the plaintiffs' bill of costs [dkt. #61] is **VACATED**. The Clerk of Court is directed to process the plaintiffs' bill of costs [dkt. #60] and to tax costs in the plaintiffs' favor as allowed by the applicable court rules.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 29, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---